E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIANNE ARAGON
(your name)
                    Petitioner,

vs.

SCHELIA A. CLARK, Warden, Federal
Corrections Institution - Dublin,

                    Respondent.

No. C  C 07  2925
2:06CR01405-002RB  CW

PETITION FOR WRIT OF HABEAS (PR)
CORPUS UNDER 28 U.S.C. § 2241

PETITIONER, __DIANNE ARAGON_____,
                        (your name)

seeks relief from the execution of her sentence pursuant to 28 U.S.C. § 2241, on the grounds and for the reason that she is in the custody of the Bureau of Prisons (BOP) under circumstances in which BOP by regulation refuses to exercise its discretion to allow her the "full benefit" of six months of pre-release placement at a Community Corrections Center (CCC) in violation of federal law. Due to the unlawful execution of Petitioner's sentence, Petitioner seeks this Court to grant said petition and to order BOP to exercise its discretion to place Petitioner in a CCC for six months as permitted by federal law. The petition herein supports such relief as set forth more

2241 PETITION                                  1

1  fully below:

2  **1. Custody**

3  Petitioner is in the custody of the BOP serving her ___15 MONTH___
(length of your sentence)

4

5  sentence at Federal Correctional Institution (FCI) Dublin, in Dublin, California, with a projected release date of ___2-4-2008___.
6  (current release date, if known)

7  **2. Reason for Custody**

8  Petitioner is in BOP custody pursuant to a conviction for ___CONSPIRACY___
(offense of conviction)

9  ___TO VIOLATE 21:841 (B)(1)(C)___

10

11  after a trial/guilty plea on ___MARCH 21, 2006___. She was
(date of plea/guilty verdict)

12  sentenced to ___15 MONTHS___
13  (length of your sentence)

14  imprisonment on ___NOVEMBER 8, 2006___,
(date of sentencing)

15  by the Honorable ___JUDGE BRACK___,
16  (name of judge)

17  District Court Judge, ___NEW MEXICO___.
(district of conviction)

18

19  **3. Execution of Sentence in Violation of Federal Law**

20  Petitioner is in BOP custody in violation of federal law. By federal regulation, BOP does not grant more than 10 percent of an overall term of imprisonment under its prerelease program

21

22  in a CCC, even though federal law allows BOP to designate federal inmates to CCC facilities for a period of six months. *See* Attachment A (28 CFR § 570.21). Due to BOP regulations,

23  Petitioner has received just ___38 DAYS___.
24  (number of days currently scheduled to spend in CCC, if known)

25  days of prerelease placement in a CCC [her current release to a CCC date is

26

2241 PETITION                                    2

  DECEMBER 28, 2007  ] because of the BOP 10-percent rule.
(current date of release to CCC, if known)

**4. Subject Matter Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. When an inmate challenges the manner of execution of a sentence by the BOP, she must bring this request before a federal district court with jurisdiction over the custodian given that a § 2241 writ of habeas corpus acts upon the person whom is holding the individual in allegedly unlawful custody. *See* 28 U.S.C. § 2241; *Braden v. 30th Judicial Cir. Ct. Of Kent.*, 410 U.S. 484, 494-95 (1973).

**5. Exhaustion of Administrative Remedies**

Petitioner is in the process of exhausting her administrative remedies through the BOP's administrative appeals process. Exhaustion of administrative remedies is not a statutory or jurisdictional requirement for a habeas petition under 28 U.S.C. § 2241. *Rivera v. Ashcroft*, 394 F.3d 1129, 1139 (9th Cir. 2005). A failure to exhaust administrative remedies does not deprive the Court of jurisdiction over a § 2241 petition. *Id.* When a § 2241 petitioner failed to exhaust administrative remedies, the district court must decide whether to excuse the failure to exhaust and reach the merits or to require exhaustion. *Id.*; *see Arreola-Arreola v. Ashcroft*, 383 F.3d 956, 965 n.10 (9th Cir. 2004) (exhaustion may be waived).

If she prevails in this petition, Petitioner would be entitled to be transferred to a CCC as soon as  SEPTEMBER 4, 2007 
(date six months before end of sentence)
(six months before her  FEBRUARY 4, 2008 
(date of end of sentence)
projected release date). Given the short span of time left on her sentence, and the fact that the BOP would need time to exercise its discretion if the Court granted Petitioner the relief she seeks, she asks the Court to waive any failure to exhaust and reach the merits of her claim.

Moreover, the Court may excuse a failure to exhaust administrative remedies and reach the merits of a § 2241 petition when exhaustion would be futile. *See, e.g., Laing v. Ashcroft*, 370

2241 PETITION  3

F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when failure to exhaust is appropriate). Exhaustion of administrative remedies would be futile here because the BOP likely would reject Petitioner's appeal based on its official policy that she is challenging. For these reasons, the Court should reach the merits of this petition.

### 6. Argument

BOP policy as reflected in Attachment A is at odds with its authority under federal law giving BOP discretion to grant up to six months in a CCC for any federal inmate sentenced by a federal district court. The policy strips BOP of any discretion for consideration of the full six-month benefit of prerelease even though federal law allows for such discretion.

Under the relevant federal statutes, BOP has authority to designate an inmate to any place of imprisonment. 18 U.S.C. § 3621(b). That statute reads as follows:

> (b) Place of Imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering – (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence – (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a) of title 28.
> In designating the place of imprisonment or making transfers under this section, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another . . .

18 U.S.C. § 3621. This statute permits the designation of inmates to a CCC at any point during an inmate's term of imprisonment. *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004) (BOP has authority to transfer an inmate to a CCC at any time during service of inmate's sentence); *Goldings v. Winn*, 383 F.3d 17, 23-27 (1st Cir. 2004) (same).

Underlying BOP policy as reflected in Attachment A is 18 U.S.C. § 3624(c). That section reads:

  Pre-release custody. -- The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to prisoner during such pre-release custody.

18 U.S.C. 3624(c). BOP's policy of limiting pre-release to only 10 percent of an inmate's term vitiates the discretion given to BOP by statute to designate or transfer an inmate to a CCC at any time during the inmate's prison term in violation of federal law.

  Two significant reported district court case have addressed this identical issues and ordered BOP to exercise its discretion in the manner requested here. *United States v. Paige*, 369 F. Supp. 2d 1257 (D. Mont. 2005); *Pimentel v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005). Both cases have granted relief by entering an order requiring BOP to exercise of its full authority and to consider designating the petitioners to a CCC without regard to any policy BOP may have limiting such pre-release placement. *Paige*, 369 F. Supp. 2d at 1263; *Pimentel*, 367 F. Supp. 2d at 376. In addition, all four circuits that have addressed the validity of the BOP policy at issue here, 28 C.F.R.§ 570.21, have found it invalid. *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005).

  Here, as in these cases, Petitioner asks the Court to give her the full benefit of consideration for a pre-release placement of six months, as provided for by statute.

### 7.  Prayer for Relief

  Wherefore, Petitioner prays that the Court issue the writ or issue an order directing the Respondent to show cause why the writ should not be granted with such return be made with three days from the order to show cause, not to exceed 20 days by extension for good cause. 28 U.S.C. § 2243.

  Petitioner further prays that this petition be granted and that the Court order BOP, "in good faith, to consider the appropriateness of transferring the petitioner to a community

1 | confinement center in light of the factors set forth in Section 3621(b) and any individual factors
2 | deemed appropriate by the BOP, without reference to the BOP policy promulgated in December
3 | 2002 and without reference to 28 C.F.R. § 570.21." *Pimentel*, 367 F. Supp. 2d at 376. It is further
4 | requested that the Court order BOP "to make this determination promptly, and, in no event, later
5 | than ten (10) days from the date of" the order. *Id.*

Further, Petitioner asks the Court to appoint counsel to represent her for any further proceedings on this petition under 18 U.S.C. § 3006A(a)(2)(B).

Dated: MAY 31, 2007

Respectfully submitted,

*Diana Aragon*
Petitioner

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# EXHIBIT A

21
22
23
24
25
26

Westlaw.

Page 1

28 C.F.R. § 570.21

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
 Title 28. Judicial Administration
  Chapter V. Bureau of Prisons, Department of Justice
   Subchapter D. Community Programs and Release
    Part 570. Community Programs (Refs & Annos)
     Subpart B. Community Confinement (Refs & Annos)

→ § 570.21 When will the Bureau designate inmates to community confinement?

<For statute(s) affecting validity, see: 5 USCA § 301; 18 USCA §§
571, 3621, 3622, 3624, 4001, 4042, 4081, 4082 (Repealed in
part as to offenses committed on or after November 1, 1987); 18 USCA §§
4161-4166, 5006-5024 (Repealed October 12, 1984, as to offenses
committed after that date), 18 USCA § 5039; 28 USCA §§ 509, 510.>

(a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.

(b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

SOURCE: 70 FR 1663, Jan. 10, 2005, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301; 18 U.S.C. 751, 3621, 3622, 3624, 4001, 4042, 4081, 4082 (Repealed in part as to offenses committed on or after November 1, 1987), 4161-4166, 5006-5024 (Repealed October 12, 1984, as to offenses committed after that date), 5039; 28 U.S.C. 509, 510.

28 C. F. R. § 570.21, **28 CFR § 570.21**

Current through April 19, 2007; 72 FR 19673

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.