IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIANNE ARAGON,

    Petitioner,

  v.

SCHELIA A. CLARK, Warden,

    Respondent.

No. C 07-2925 CW

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Dianne Aragon brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. In opposing the petition, Respondent Schelia A. Clark argues that it should be dismissed because Petitioner has not exhausted her administrative remedies. Petitioner has submitted a traverse responding to this argument. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies the petition.

## BACKGROUND

Petitioner is currently serving a term of fifteen months of imprisonment on a conviction for conspiracy to distribute a mixture containing methamphetamine and cocaine. She is incarcerated at the Federal Prison Camp in Dublin, California, where Respondent is

warden.  She filed this petition challenging a Bureau of Prisons (BOP) regulation, 28 C.F.R. § 570.21, that denies inmates placement in a community corrections center (CCC)[1] until the last ten percent or six months of their sentence, whichever is shorter.  Petitioner claims that this policy is contrary to 18 U.S.C. § 3621(b), which governs the placement of inmates in BOP custody.

Pursuant to the challenged regulation, Petitioner has been scheduled for transfer to a CCC on December 28, 2007, the beginning of the last ten percent of her sentence.  She seeks an order requiring Respondent to consider her appropriateness for transfer to a CCC in light of the factors set forth in 18 U.S.C. § 3621(b), notwithstanding the time limits imposed by 28 C.F.R. § 570.21.  She claims to be "in the process of exhausting her administrative remedies through the BOP's administrative appeals process."  Pet. at 3.  However, Respondent has filed a declaration with supporting documentation showing that Petitioner has not filed a request for an administrative remedy at any level on any issue.

## DISCUSSION

The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."  Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001).[2]  The requirement may be

---

[1] CCCs were formerly known as halfway houses.  Respondent uses the term "residential reentry center" to refer to the same type of institutional setting.

[2] Because exhaustion is required under this authority, the Court need not consider Respondent's argument that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, also requires exhaustion of administrative remedies in this case.

2

waived in limited circumstances, including when pursuit of administrative remedies would be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of the exhaustion requirement may be appropriate).

Petitioner argues that pursuing administrative remedies would be futile here because the BOP promulgated the challenged regulation under a categorical exercise of its discretion, and the regulation does not permit exceptions for individual inmates. However, Petitioner's unsupported contention that administrative remedies would be futile does not persuade the Court to waive the exhaustion requirement. The Court notes that all four of the circuit courts that have considered the validity of the BOP's policy have found it invalid. Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). Several district courts in the Ninth Circuit have also found the policy contrary to 18 U.S.C. § 3621(b). See Whistler v. Wrigley, 2007 WL 1655787, at *3 (E.D. Cal.) (listing cases).

Recent actions of the BOP suggest that it may be reconsidering its policy in response to the numerous cases rejecting its regulation as contrary to statute. For instance, in Whistler, the BOP informed the court that it had evaluated the petitioner's request for administrative relief without reference to the time constraints imposed by 28 C.F.R. § 570.21 and had transferred him to a CCC, leading the court to dismiss the petition as moot. Id. at *6-*7. Consequently, it is not clear that Petitioner's pursuit

3

of administrative remedies would be futile; there is a possibility that BOP officials will provide her the relief she seeks. Multiple courts in this district have recognized this possibility, and have required other habeas petitioners challenging the BOP regulation to exhaust their administrative remedies. See, e.g., Carrillo v. Clark, 2007 WL 3026674 (N.D. Cal.); Rojero v. Clark, 2007 WL 3026415 (N.D. Cal.); Espinoza v. Clark, 2007 WL 2990157 (N.D. Cal.); Cristobal v. Clark, 2007 WL 2746742 (N.D. Cal.); Zavala v. Clark, 2007 WL 2705216 (N.D. Cal.); Reyna v. Copenhager, 2007 WL 2504983 (N.D. Cal.); Felty v. Clark, 2007 WL 2438337 (N.D. Cal.). The Court agrees with the reasoning of these decisions, and concludes that waiver of the exhaustion requirement is not warranted in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for a writ of habeas corpus without prejudice to her filing a new one after exhausting the BOP's administrative appeals process. The clerk shall close the file.

IT IS SO ORDERED.

Dated: 12/14/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DIANNE ARAGON,

        Plaintiff,

v.

SCHELIA A. CLARK et al,

        Defendant.

Case Number: CV07-02925 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 14, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dennis Matthew Wong
U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

Dianne Aragon #27331-051
FPC-Dublin
5675 8th St. Camp Park
Dublin, CA 94568

Dated: December 14, 2007

                                Richard W. Wieking, Clerk
                                By: Sheilah Cahill, Deputy Clerk

5